IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GUILLERMO VELA,**

    **Plaintiff,**

    v.                                                      CASE NO. 24-3201-JWL

**(FNU) STEVENS, et. al,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se case under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, his claims arose during his incarceration at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court provisionally granted Plaintiff leave to proceed in forma pauperis. On November 15, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until December 16, 2024, in which to show good cause why his Complaint should not be dismissed for failure to state a claim. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges that on September 20, 2024, he swallowed a "sharp, rock like substance/object" while eating his dinner meal at EDCF. (Doc. 1, at 2.) Plaintiff forced himself to vomit, retrieved the object, and placed it in a small plastic bag. *Id*. Plaintiff alleges that the evidence—the object—was tampered with as the bag was opened and re-stapled, and although the object was originally orange in color it was later covered in a "black like grease substance covering the entire contents of the bag." *Id*. at 3.

Plaintiff also claims that the response to his grievance was incomplete and not certified. *Id*. Plaintiff attaches a response from Defendant Stevens, Food Service Director, that states:

    After reading your grievance form and talking with staff, we have

1

> concluded that the piece of material that you have sent me attached to this form is most likely part of the stalk or root of vegetables probably came from manufacturing that way and wasn't seen and removed at the packing plant or in production.
>
> Unfortunately, these things happen, and I apologize for the inconvenience and discomfort caused by this but there isn't much more that can be done about it. I will address this with my cooks to have them keep an eye out for this type of thing in the future.

(Doc. 1–1, at 3.)

The Court found in the MOSC that Plaintiff failed to state a claim for relief based on his conditions of confinement. The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

The Court found that Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has also failed to allege "deliberate indifference" by any defendant. Plaintiff has failed to allege a constitutional violation, and his claims suggest, at most, mere negligence. Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1162 (10th Cir. 2007) (citing *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) ("Liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant, and not on negligence.") (quotations omitted); *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning or finding a foreign object in food does not constitute a

violation of the constitutional rights of the prisoner affected."); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (ruling that presence of foreign objects in food was insufficient to prove deliberate indifference); *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (same); *Ockert v. Beyer*, No. 10–3058–SAC, 2010 WL 5067062 at *2 (D. Kan. Dec. 7, 2010) (finding that a single incident where hair was found in food failed to give rise to a constitutional violation).

The Court also found in the MOSC that Plaintiff's claims regarding the grievance process were subject to dismissal for failure to state a claim. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC. The MOSC provides that "[f]ailure to respond by

4

the deadline may result in dismissal of this matter without further notice for failure to state a claim." (Doc. 5, at 8.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated December 23, 2024, in Kansas City, Kansas.**

                                      **S/ John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**